JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Edna Garcia-Dipini

**DEFENDANTS**
Larry Pitt & Associates, P.C.

**(b)** County of Residence of First Listed Plaintiff  **Berks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc A. Weinberg, Esq., Saffren & Weinberg, 815 Greenwood Ave., Suite 22, Jenkintown, PA 19046

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 2000e
Brief description of cause:
Discrimination in the workplace

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  5-13-21
SIGNATURE OF ATTORNEY OF RECORD  *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __925 Grandell Avenue, Reading, PA  19065__

Address of Defendant: __1918 Pine Street, Philadelphia, PA  19103__

Place of Accident, Incident or Transaction: __1918 Pine Street, Philadelphia, PA  19103__

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____ Must sign here   __60643__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Marc A. Weinberg__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __5.13.21__   _____ Sign here if applicable   __60643__
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDNA GARCIA-DIPINI<br>925 Grandell Avenue<br>Reading, PA 19065<br>　　　　Plaintiff,<br>　v.<br><br>LARRY PITT & ASSOCIATES, P.C.<br>1918 Pine Street<br>Philadelphia, PA 19103<br>　　　　Defendant. | CIVIL ACTION NO.:<br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br>COMPLAINT |

## I.  PRELIMINARY STATEMENT

1. Plaintiff, Edna Garcia-Dipini (hereinafter "Plaintiff") brings this action under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); The Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*. (hereinafter "ADA"); the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq*. ("PHRA") and Pennsylvania Common Law and for racial discrimination, national origin discrimination, disability discrimination and retaliation in exercising her rights under the aforementioned statutes. Plaintiff seeks equitable relief, compensatory damages, costs and attorney fees from Defendant for Defendant's discriminatory practices and other tortuous actions.

## III.  THE PARTIES

2. Plaintiff, Edna Garcia-Dipini (hereinafter "Plaintiff") is an adult individual and a citizen of the Commonwealth of Pennsylvania currently residing at the above-captioned address.

3. Upon information and belief, Defendant, Larry Pitt & Associates, P.C. (hereinafter "Defendant") is a professional corporation or other duly organized business, organized under the laws of the Commonwealth of Pennsylvania, that maintains a principal place of business at the above-captioned address, and is licensed and authorized to do business in the Commonwealth of Pennsylvania.

4. At all times material hereto, Defendant acted individually, and/or through their agents, representatives, servants and/or employees, ostensible or otherwise, who were then and there engaged in Defendant's business and acting within the scope of their agency, servitude and/or employment on behalf of Defendant.

5. At all times material hereto, the conduct of Defendants as enumerated within this Complaint occurred within the Commonwealth of Pennsylvania and the City of Reading, Pennsylvania.

## II. JURISDICTION AND VENUE

6. Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331 and 28 U.S.C. §1343.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391.

8. At all times material hereto, Defendants were "engaged in an industry affecting commerce" as defined in the Labor Management Relations Act, 29 U.S.C. 142 (1) and (3).

9. At all times material hereto, Defendants employed more than twenty (20) employees.

10. At all times material hereto, Defendants were an "employer" as defined by Title VII.

11. At all times material hereto, Defendants were an "employer" as defined by the ADA.

12. At all times material hereto, Defendants were an "employer" as defined by §§4 and 5 of the Pennsylvania Human Relations Act, 43 P.S. §954 *et seq*.

13. At all times material hereto, Defendant aided and abetted the pervasive interference, discrimination, hostile work environment and harassment that Plaintiff was subjected to during the course and scope of her employment.

14. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination based on Gender discrimination and Sexual Harassment under Title VII, discrimination under the ADA, retaliation and violation of and violation of Pennsylvania Statutory Law under the PHRA.

15. The EEOC charge described *supra* was filed concurrently with the Pennsylvania Human Relations Commission ("PHRA").

16. Plaintiff has complied with all jurisdictional prerequisites and a Notice of Rights was issued by the Equal Employment Opportunity Commission and mailed via United States standard post on February 24, 2021, (Attached hereto as Exhibit "A").

17. Venue in the Eastern District of Pennsylvania is proper as at all times material hereto the events complained of and violations of the enumerated statues and laws were committed within the City of Reading, Pennsylvania which is within the Eastern District of Pennsylvania.

## III. FACTUAL ASSERTION

18. Plaintiff, a Hispanic female, was hired by Defendant in February, 2007, as the office manager at the Defendant's Reading, Pennsylvania location which was located at 541 Court Street, Reading Pennsylvania 19601.

19. Upon information and belief, Defendant maintains several offices in and around the Philadelphia area.

20. Defendant's Reading, Pennsylvania office was a satellite office, employing two (2) Hispanic employees, including Plaintiff.

21. Upon information and belief, Plaintiff was only one of two Hispanic employees, employed by the Defendant, in any of Defendant's numerous locations.

22. At all times material hereto, Plaintiff was supervised by Phyllis Meloff ("Meloff"), a Caucasian woman.

23. Plaintiff suffers from severe Hypothyroidism, which impacts her daily life, and is a recognized disability under the Americans with Disabilities Act ("ADA").

24. Plaintiff's hypothyroidism required her to undergo bariatric surgery, in 2017.

25. Defendant was aware of Plaintiff's medical conditions, including Plaintiff's need to undergo surgery.

26. Though bariatric surgery was originally covered by Plaintiff's health insurance (provided by Defendant), unbeknownst to Plaintiff, the bariatric services portion of her insurance plan was removed.

27. Other employees, in the Philadelphia office were able to benefit from the surgery option which was included on their insurance plan.

28. Despite Plaintiff requesting an accommodation, in order for Defendant and Plaintiff to reach an arrangement in order to have Plaintiff's medically necessary surgery covered by insurance her requests were refused by Defendant.

29. Specifically, Meloff refused to accommodate Plaintiff, and told Plaintiff to "go on Weight Watchers."

30. Since being unable to obtain the expensive surgery without health insurance, Plaintiff has suffered severe exacerbation of her health problems.

31. Upon information and belief, there was a significant difference between insurance coverage provided to Defendant's employees in the Philadelphia office, which is entirely composed of non-Hispanic employees and that provided to Plaintiff.

32. Additionally, during the course of her employment, Plaintiff was repeatedly excluded from raises, luncheons, office meetings, meetings with insurance representatives and 401(k) representatives, due to her race and national origin.

33. In fact, until Plaintiff asked for a 401(k) plan, she did not receive one until 2017, nearly ten (10) years after being hired by the Defendant.

34. Other non-Hispanic employees received 401(k) plans with matching, and received those plans earlier in their employment.

35. This exclusionary conduct was also suffered by Plaintiff's Hispanic co-worker, Diana.

36. While at the Reading office, Plaintiff and Hispanic her co-worker were forced to work in filthy conditions, in an office infested with mold and mildew, and were forced to clean the office themselves.

37. Upon information and belief, other, non-Hispanic employees of the Philadelphia office were provided with a cleaning service, and not subjected to filthy and hazardous conditions.

38. Plaintiff and her Hispanic co-worker were not provided with proper supplies, to complete their work in a timely and professional manner, while non-Hispanic employees in the Philadelphia office were provided professional office supplies.

39. Meloff would often act in a verbally abusive manner toward the Plaintiff when Plaintiff would raise any concerns about her working conditions.

40. Based on pretexual reasons, Plaintiff was terminated on September 24, 2019.

41. Plaintiff was fired in retaliation based on the aforementioned report of discrimination, Defendant's failure to accommodate Plaintiff under the ADA, Plaintiff exercising her rights under the ADA, Plaintiff exercising her rights against, retaliation, discrimination, and all cognizable State Claims.

42. At all times material hereto, the Defendant acted and was responsible for the actions of their agents, assigns, servants and employees.

43. At all times material hereto, the Defendant acted by and through the actions of its agents, assigns, servants and employees.

44. At all times material hereto, the Defendant was responsible for the actions of its agents, assigns, servants and employees via *respondeat superior*.

**COUNT I**
**EDNA GARCIA-DIPINI V. LARRY PITT & ASSOCIATES, P.C.**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. 2000e *et seq*. and Retaliation**

45. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

46. The conduct of Defendant's treatment of Plaintiff in her employment and termination violated Title VII of the Civil Rights Act of 1964 as the harassment, hostile work environment, retaliation and discrimination that Plaintiff was subjected to was as a result of her race and national origin and was unwelcome, unwarranted, and a clear violation of Title VII.

47. Plaintiff was subject to different and negative treatment including retaliation and termination because of her race and national origin.

48. Plaintiff was excluded, targeted and singled, and forced to work in hazardous conditions, and was harassed based upon her race and national origin.

49. Other, similarly situated Caucasian employees of the of Defendant were not subject to similar racial and national origin discrimination.

50. At all times material hereto, the aforementioned discrimination and harassment was unwelcome.

51. At all times material hereto, the aforementioned discrimination and harassment was severe and pervasive.

52. The discrimination, harassment, and hostile work environment, to which Defendant subjected Plaintiff was intentional, with malice and with reckless indifference.

53. Plaintiff was subject to different and negative treatment including retaliation after she reported said discriminatory treatment, and as such was subject to retaliation.

54. Defendant by and through its employees, servants and agents were aware of the discrimination that the Plaintiff was subjected to at the workplace by her supervisors.

WHEREFORE, Plaintiff, Edna Garcia-Dipini seeks a determination that the Defendant, Larry Pitt & Associates, P.C. violated Title VII of the Civil Rights Act of 1964 and request all damages and relief permitted under the Act including but not limited to:

(a) back pay and front pay;
(b) compensatory and punitive damages;
(c) equitable relief such as reinstatement of a rightful place;
(d) retroactive relief such as seniority and entitlement;
(e) injunctive relief included but not limited to barring future discriminatory conduct;
(f) attorney's fees, expert fees, costs and expenses;
(g) and such further relief as this court deems just and fair.

## COUNT II
## EDNA GARCIA-DIPINI
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12101, *et seq.*

55. Plaintiff hereby incorporates by reference all of the aforementioned allegations set forth above.

56. The conduct of the Defendants violated The Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* as Plaintiff's harassment, hostile work environment, termination, retaliation and discrimination was based upon her recognized and permanent disability and need for ADA accommodations.

57. The conduct of the Defendant violated the ADA in part by failing to accommodate and or engaging in the interactive process with the Plaintiff for her recognized disability, and in turn permitted and engaged in retaliation for requiring an accommodation.

WHEREFORE, Plaintiff, Edna Garcia-Dipini, demands judgment against Defendant, Larry Pitt & Associates, P.C., including:

(a) A declaration that Defendant's actions as described herein violated The ADA;

(b) equitable and declaratory relief requiring Defendant, to institute sensitivity and other training for all managers, employees and supervisors to prevent discrimination in the workplace;

(c) equitable and declaratory relief requiring Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to discrimination;

(d) equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including official company policy;

(e) compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

(f) punitive damages;

(g) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(h) such other relief as this Court may deem appropriate under the circumstances.

## COUNT III
### EDNA GARCIA-DIPINI V. LARRY PITT & ASSOCIATES, P.C.
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.

58. Plaintiff hereby incorporates by reference all of the aforementioned paragraphs as if fully set forth at length herein.

59. Defendant discriminated against Plaintiff based upon her race and national origin and reported said discrimination which is in violation of the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*

60. Defendant discriminated against Plaintiff in the terms, conditions and privileges of her employment as Defendant allowed, fostered and subjected Plaintiff to harassment, hostile work environment and retaliation as set forth above.

61. At all times material hereto, the aforementioned discrimination and harassment was unwelcome.

62. At all times material hereto, the aforementioned discrimination and harassment was severe and pervasive.

63. At all times material hereto, the aforementioned discrimination and harassment unreasonably altered the condition of Plaintiff's employment and created a hostile work environment.

64. Defendant knew or should have known about the aforementioned discrimination, harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

65. Defendant failed to take prompt, remedial action to eliminate the aforementioned discrimination, harassment and hostile work environment to which Plaintiff was subjected during the course of her employment.

66. The discrimination, harassment, hostile work environment and retaliation to which Defendants subjected Plaintiff was intentional, with malice and with reckless indifference.

67. Defendant's reasons for disciplining Plaintiff were pretextual to obscure Defendants' discriminatory animus and purpose.

68. During the course and scope of Plaintiff's employment, she was subjected to ongoing antagonism.

69. The conduct of Defendant's treatment of Plaintiff in her employment and retaliation violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, as Plaintiff's harassment, hostile work environment, retaliation and discharge from employment was based upon gender discrimination, sexual harassment and retaliation.

70. At the time of termination the Defendants by and through its employees, servants and agents was aware of the discrimination that the Plaintiff was subjected to at the workplace by her supervisors.

WHEREFORE, Plaintiff, Edna Garcia-Dipini seeks a determination that the Defendant, Larry Pitt & Associates, P.C., violated the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, and requests all damages and relief permitted under the Pennsylvania Human Relations Act, 43 P.S. §954, *et seq.*, including but not limited to: back pay and front pay; equitable relief; injunctive relief included but not limited to barring future discriminatory conduct; attorney's fees, expert fees, costs and expenses; punitive damages, and such further relief as this Court deems just and fair.

## COUNT IV
## EDNA GARCIA-DIPINI V. LARRY PITT & ASSOCIATES, P.C.
## <u>RETALIATION</u>

89. All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

90. As a direct result of Plaintiff requiring ADA accommodations for her disability, reporting discriminatory treatment and complaining of such treatment, Defendant retaliated against her in the form of termination.

WHEREFORE, Plaintiff, Edna Garcia-Dipini demands judgment against Defendant Larry Pitt & Associates, P.C., including:

(a) equitable and declaratory relief requiring Defendant, to institute sensitivity and other training for all managers, employees and supervisors to prevent discrimination in the workplace;

(b) equitable and declaratory relief requiring Defendant, to institute and enforce a specific policy and procedure for investigating and preventing complaints;

(c) equitable and declaratory relief requiring the posing of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(d) compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconveniences, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

(g) payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(h) such other relief as this Court my deem appropriate under the circumstances.

Respectfully submitted,
SAFFREN & WEINBERG

BY: _____
MARC A. WEINBERG, ESQUIRE
P.A. I.D. 60643
815 Greenwood Avenue, Suite 22
Jenkintown, PA 19046
(215) 576-0100
mweinberg@saffwein.com

Dated: 5/13/21

# EXHIBIT "A"

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Edna Garcia-Dipini<br>925 Grandell Avenue<br>Reading, PA 19605 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-04826 | Legal Unit,<br>Legal Technician | (267) 589-9707 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Jamie R. Williamson*         February 24, 2021

Enclosures(s)      Jamie R. Williamson,<br>District Director      *(Date Mailed)*

cc:   George Walker, Jr.<br>
Esquire<br>
Larry Pitt & Associates, P.C.<br>
1918 Pine Street<br>
Philadelphia, PA 19103

Marc A Weinberg, Esq,<br>
Attorney at Law<br>
815 Greenwood Avenue, Suite 22<br>
Jenkintown, PA 19046